Daniel T. Guidotti
Marianas Pacific Law LLC
2nd Floor, Alexander Building
Beach Road, Oleai
P.O. Box 506057
Saipan, MP 96950
Tel.: (670) 234-8801
Fax: (670) 234-8802

Attorney for Plaintiff
Zaji O. Zajradhara

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN MARIANA ISLANDS

ZAJI O. ZAJRADHARA,

    Plaintiff,

v.

CWM INTERNATIONAL, INC. dba EUCON INTERNATIONAL UNIVERSITY

    Defendant.

Civil Case No. CV 19 0010

**COMPLAINT**

Plaintiff ZAJI O. ZAJRADHARA hereby alleges the following:

## INTRODUCTION

1. This is an action under Title VII of the Civil Rights of 1964 as amended ("**Title VII**") to correct unlawful employment practices of unlawful discrimination based on race and national origin, including retaliation, and to provide appropriate relief to Plaintiff Zaji O. Zajradhara.

## JURISDICTION AND VENUE

2. Mr. Zajradhara invokes the jurisdiction of the Court under Title VII, 42 U.S.C. §§ 2000e-2000e-17, 48 U.S.C. § 1822(a), and 28 U.S.C. § 1331.

3. The unlawful employment practices were committed within the jurisdiction of the Commonwealth of the Northern Mariana Islands.

4. Mr. Zajradhara's breach of contract claim forms part of the same controversy as Mr. Zajradhara's Title VII claims, and on this basis, the United States District Court for the Northern Mariana Islands has supplemental jurisdiction over Mr. Zajradhara's breach of contract claim pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in the United States District Court for the Northern Mariana Islands under 28 U.S.C. § 1391(b)(2) and 42 U.S.C. § 2000e-5(f)(3) because all of the events and omissions giving rise to the claims set forth in this complaint occurred in the Commonwealth of the Northern Mariana Islands.

## PARTIES

6. Plaintiff ZAJI O. ZAJRADHARA ("Mr. Zajradhara") is a United States citizen who, at all times relevant, lived and worked on Saipan, Commonwealth of the Northern Mariana Islands ("CNMI").

7. Defendant CWM INTERNATIONAL, INC. dba Eucon International University, is a non-profit corporation ("CWM") with its principal place of business in the CNMI.

## CONDITIONS PRECEDENT

8. Mr. Zajradhara exhausted his administrative remedies and complied with all Title VII statutory prerequisites prior to bringing this complaint.

9. On December 19, 2018, Mr. Zajradhara filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") in Hilo, Hawaii, in which he alleged that CWM discriminated against him based on his race, skin color and national origin, and further, that CWM retaliated against him for participating in activities protected under Title VII.

10. On February 7, 2019, Mr. Zajradhara received a Notice of Right to Sue from the EEOC. Mr. Zajradhara filed this complaint less than 90 days after he received the Notice of Right to Sue.

## STATEMENT OF FACTS

11. In January 2018, Mr. Zajradhara applied for an office position at CWM.

12. Mr. Zajradhara learned about the office position through CWM's online posting at www.marianaslabor.net.

13. Mr. Zajradhara interviewed for the office position, along with several non-U.S. citizens.

14. The office position was to begin in October 2018.

15. CWM selected one of its current employees, a non U.S. citizen CW-1 worker to fill the office position sought by Mr. Zajradhara.

16. Mr. Zajradhara discovered that CWM had hired a non U.S. citizen CW-1 worker to fill the office position.

17. Upon discovering that CWM had hired a non U.S. citizen CW-1 worker to fill the position, Mr. Zajradhara filed an EEOC Charge of Discrimination in which he asserted that CWM did not hire him based on his race and national origin.

18. Also in February 2018, Mr. Zajradhara initiated a case with the CNMI Department of Labor, *In the Matter of Zaji O. Zajradhara*, L.C. No. 18-031 (the "**Labor Case**").

19. In the Labor Case, Mr. Zajradhara asserted that CWM had violated the U.S. citizen employment preference codified at 3 CMC § 4521 by rejecting his employment application and subsequently hiring a non U.S. citizen to fill the office position.

20. On May 14, 2018, during a mediation in the Labor Case, Mr. Zajradhara and CWM settled both the Labor Case and Mr. Zajradhara's pending EEOC charge through a stipulated settlement.

21. In the stipulated settlement, CWM unconditionally hired Mr. Zajradhara as an office employee, commencing October 1, 2018, and Mr. Zajradhara accepted the office employee

position in full settlement of the Labor Case, and in addition, promised to recommend dismissal of the Charge of Discrimination.

22. As required under the stipulated settlement, Mr. Zajradhara emailed the EEOC and recommended that the EEOC discontinue the charge of discrimination because Mr. Zajradhara had settled the matter with CWM.

23. The EEOC complied with Mr. Zajradhara's recommendation and dismissed Mr. Zajradhara's pending Charge of Discrimination.

24. During the settlement discussions, CWM's representative, H. Christian Wei, did not disclose to Mr. Zajradhara that CWM intended to require Mr. Zajradhara to adhere to certain religious principals as a condition of Mr. Zajradhara's employment with CWM.

25. On October 3, 2018, Mr. Zajradhara went to CWM's Gualo Rai business office to begin working.

26. Mr. Zajradhara was wearing a shirt and tie.

27. At the time Mr. Zajradhara showed up to work, CWM staff presented Mr. Zajradhara with several documents, including a Faculty Contract and an appended statement of faith.

28. The Labor Case settlement did not require Mr. Zajradhara to sign or acknowledge any documents or adhere to any religion.

29. CWM informed Mr. Zajradhara that Mr. Zajradhara could not work if Mr. Zajradhara did not sign and acknowledge the documents.

30. Mr. Zajradhara signed some of the documents, but noted that he had his own ancestral religious ideology.

31. Mr. Zajradhara worked from October 3, 2018 to October 5, 2018 in the CWM business office.

32. On October 5, 2018, an Asian woman (believed to be T. Judy Wei), berated Mr. Zajradhara in front of other employees.

33. The conversation began when the woman approached Mr. Zajradhara and demanded that Mr. Zajradhara tell her his name.

34. The woman invaded Mr. Zajradhara's personal space and pointed her finger at him.

35. The woman accused Mr. Zajradhara of removing office files, ordered Mr. Zajradhara to remove a bandana, accused Mr. Zajradhara of doing no work on October 4, 2018, and asserted that Mr. Zajradhara could not work in CWM's business office because Mr. Zajradhara could not type fast enough.

36. Mr. Zajradhara had not met this Asian woman prior to the incident in front of the other employees.

37. During the confrontation, Mr. Zajradhara perceived that the Asian woman had strong feelings of antipathy toward Mr. Zajradhara.

38. The Asian woman also told Mr. Zajradhara that he was "wasting her student's money" and that she believed that Mr. Zajradhara was working at CWM in order to "make trouble."

39. The Asian woman demanded that Mr. Zajradhara put his phone away, even though Mr. Zajradhara was not using the phone, and even though Mr. Zajradhara routinely observed other employees using their phones throughout the day.

40. At the end of October 5, 2018, H. Christian Wei orally terminated Mr. Zajradhara's employment, allegedly because Mr. Zajradhara's dress was not in accord with CWM's religious ideology.

41. On October 12, 2018, CWM delivered a letter to Mr. Zajradhara in which CWM asserts that it was terminating Mr. Zajradhara because he refused to accept essential employment documents, including CWM's employment contract and because Mr. Zajradhara's religious beliefs were allegedly in conflict with those espoused by CWM.

## CAUSE OF ACTION 1: DISCRIMINATION UNDER TITLE VII
### (Based on race and skin color)

42. Mr. Zajradhara realleges and incorporates by reference every allegation set forth in paragraphs 1-41.

43. Mr. Zajradhara is of Afro-Latino descent and has dark skin.

44. On October 3, 2018, at the time Mr. Zajradhara started working at CWM, CWM did not employ a single person of Afro-Latino descent or any person of Chamorro or Carolinian descent.

45. All of the faculty and staff of CWM appear to be predominantly of Chinese, Caucasian, and Filipino ancestry.

46. Mr. Zajradhara worked at CWM on October 3, 2018 and October 4, 2018, without incident.

47. On October 5, 2018, an Asian woman, believed to be T. Judy Wei, accosted Zajradhara in front of several other CWM employees.

48. Ms. Wei invaded Mr. Zajradhara's personal space and pointed her finger at him.

49. While still in front of other CWM employees, Ms. Wei accused Mr. Zajradhara, among other things, of attempting to steal employee files and performing no work on October 4, 2018, and indicated that she believed Mr. Zajradhara was unfit to perform office work because Mr. Zajradhara could not type fast enough.

50. Ms. Wei also stated that she believed that employing Mr. Zajradhara was a "waste of her student's money."

51. Prior to meeting this woman on October 5, 2018, Mr. Zajradhara had never met her before.

52. Ms. Wei stated that she was Mr. Zajradhara's boss and that Mr. Zajradhara had to do whatever she said or she could have him fired.

53. Ms. Wei's remarks and conduct are evidence that this woman was treating Mr. Zajradhara differently than other CWM employees because Mr. Zajradhara was a dark-skinned male of Afro-Latino descent.

54. In particular, the woman's remarks indicate that she thought Mr. Zajradhara was lazy (asserting that Mr. Zajradhara performed no work), generally unsuited to office work (assertion of low typing speed), and prone to dishonesty (theft of employee files).

55. CWM orally terminated Mr. Zajradhara on October 5, 2018 after H. Christian Wei and Dr. Robert Bell, both CWM employee's conferred with Ms. Wei.

56. CWM intentionally discriminated against Mr. Zajradhara because he is of Afro-Latino descent and because he is dark skinned.

## CAUSE OF ACTION 2: RETALIATION

57. Mr. Zajradhara realleges and incorporates by reference every allegation set forth in paragraphs 1-56.

58. In February 2018, Mr. Zajradhara engaged in activities protected under federal law.

59. Specifically, Mr. Zajradhara filed an EEOC Charge of Discrimination against CWM.

60. Mr. Zajradhara agreed not to prosecute this Charge of Discrimination in the May 14, 2018 settlement entered into by Mr. Zajradhara and CWM.

61. In return, CWM hired Mr. Zajradhara, effective May 14, 2018, with work to commence in October 2018.

62. On October 3, 2018 Mr. Zajradhara began working in CWM's business office.

63. On October 5, 2018, Ms. Wei accosted Mr. Zajradhara in the business office, and among other things, accused Mr. Zajradhara of attempting to "make trouble" for CWM.

64. Based on the circumstances and the context of Ms. Wei's remarks, Mr. Zajradhara understood that Ms. Wei's "make trouble" remark was referring to the fact that Mr. Zajradhara had filed an EEOC Charge of Discrimination against CWM in February 2018 and her belief that Mr. Zajradhara would do so again.

65. CWM orally terminated Mr. Zajradhara just hours after Ms. Wei asserted that she believed that Mr. Zajradhara was going to "make trouble" at CWM.

66. CWM terminated Mr. Zajradhara because Mr. Zajradhara filed a Charge of Discrimination against CWM in February 2018 and because CWM perceived that Mr. Zajradhara's continuing employment left CWM at risk of a new Charge of Discrimination.

## CAUSE OF ACTION 3: BREACH OF CONTRACT

67. Mr. Zajradhara realleges and incorporates by reference every allegation set forth in paragraphs 1-66.

68. On May 14, 2018, CWM unconditionally hired Mr. Zajradhara in order to settle the Labor Case and to resolve an EEOC Charge of Discrimination involving CWM that Mr. Zajradhara had previously filed with the EEOC.

69. The May 14 settlement was unconditional and did not require Mr. Zajradhara to state his religion or adhere to any particular religion in order to obtain employment from CWM.

70. Mr. Zajradhara began working for CWM on October 3, 2018.

71. CWM terminated Mr. Zajradhara on October 5, 2018, allegedly because Mr. Zajradhara's religious beliefs and religious expression were not compatible with CWM's religious views.

72. There is a covenant of good faith and fair dealing implied in every contract.

73. In ostensibly terminating Mr. Zajradhara for religious reasons, CWM violated the covenant of good faith and fair dealing.

74. CWM violated the covenant of good faith and fair dealing by inducing Mr. Zajradhara to accept an unconditional offer of employment, then imposing an after-the-fact religion-based employment requirement, and by terminating Mr. Zajradhara based on Mr. Zajradhara's alleged failure to comply with the after-the-fact religious employment requirement.

75. Mr. Zajradhara was damaged by CWM's breach of the settlement because Mr. Zajradhara gave up the Labor Case and the prior EEOC Charge of Discrimination in exchange for a job that Mr. Zajradhara held for three days.

76. Mr. Zajradhara was also damaged because he did not earn wages from CWM after CWM terminated Mr. Zajradhara's employment.

## PRAYER FOR RELIEF

Mr. Zajradhara respectfully prays for relief against CWM as follows:

- Back pay with prejudgment interest, in amounts to be determined at trial, plus other affirmative relief necessary to eradicate the effects of CWM's unlawful employment practices;
- Front pay, in amounts to be determined at trial;
- Compensation for future non-pecuniary losses resulting from CWM's unlawful employment practices, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be proven at trial;
- Punitive damages because CWM treated Mr. Zajradhara with malice and reckless indifference;
- Damages arising out of CWM's breach of the May 14, 2018 settlement agreement in the Labor Case;
- Reasonable costs and attorneys' fees; and
- Any other relief that the Court deems just.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Mr. Zajradhara demands a jury trial as to all issues triable to a jury.

Respectfully submitted,
MARIANAS PACIFIC LAW LLC

Dated: May 6, 2019

By: _____
Daniel T. Guidotti
Attorney for Zaji O. Zajradhara